# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-83 |
| KEVIN SAM | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is an Ex Parte Motion for Appointment of Counsel filed by Defendant Kevin Sam.[1] For the reasons set forth below, the motion is **Denied**.

## BACKGROUND

Sam is currently serving a 105 month prison sentence for convictions of (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 1922(g)(1) and 924(a)(2); (2) knowingly and intentionally conspiring with persons to distribute and possess with the intent to distribute a Schedule I Drug Controlled Substance in violation of 21 U.S.C. § 846; and (3) knowingly and intentionally possessing with the intent to distribute a Schedule I Drug Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).[2] On August 9, 2019, Sam filed a motion for appointment of counsel asking for counsel to assist him in filing a habeas corpus petition under 28 U.S.C. § 2255.[3]

## STANDARD OF LAW

There is no constitutional right to counsel in a habeas corpus proceeding.[4] Instead, the Court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require."[5]

---

[1] R. Doc. 53.
[2] R. Doc 51.
[3] R. Doc. 53.
[4] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).
[5] 18 U.S.C. § 3006A(a)(2).

## LAW AND ANALYSIS

### I. Sam's Potential Habeas Petition Does Not Present Issues Warranting Appointment of Counsel

On June 24, 2019, in *United States v. Davis*, the U.S. Supreme Court held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague.[6] Sam contends this ruling should affect his sentence because he was convicted in part under 18 U.S.C. § 924.[7] Sam, however, was not convicted under the subsection of § 924 the Supreme Court held unconstitutional. Sam was convicted under 18 U.S.C. § 924(a)(2), and the Supreme Court only held 18 U.S.C. § 924(c)(3)(B) unconstitutional. It did not pass on 18 U.S.C. § 924(a)(2). As a result, *Davis* has no bearing on Sam's conviction or sentence. Accordingly, the interests of justice do not require Sam to receive court appointed counsel for seeking relief under 28 U.S.C. § 2255.

### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Kevin Sam's Ex Parte Motion for Appointment of Counsel be and hereby is **DENIED**.

**New Orleans, Louisiana, this 16th day of August, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *United States v. Davis*, 139 S. Ct. 2319 (2019).
[7] R. Doc. 53.