UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 17-83 |
| KEVIN SAM | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion for compassionate release filed by Kevin Sam.[1] For the following reasons, Sam's motion for compassionate release is **DENIED**.

## BACKGROUND

On March 19, 2018, Sam pleaded guilty to a three-count superseding bill of information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2); conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and possession with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[2] On June 27, 2018, the Court sentenced Sam to a term of 105 months of imprisonment to run concurrently with sentences imposed by two other courts.[3] Sam is scheduled for release on August 5, 2025.[4]

Sam is currently incarcerated at Yazoo City Low FCI.[5] Sam represents that, on April 10, 2020, he submitted a request to Warden Reiser at Yazoo City Low FCI asking him to petition the Court on his behalf for a reduction in sentence or compassionate

---

[1] R. Doc. 55. The Government filed a response. R. Doc. 57. Sam filed a reply. R. Doc. 58.
[2] R. Doc. 42.
[3] R. Doc. 51.
[4] *Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.
[5] *Id.*

1

release.[6] Sam states the Warden has not responded to this request.[7] After more than thirty days passed, on May 22, 2020, Sam filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on concerns over COVID-19.[8] Sam states he suffers from PTSD, which has been triggered by his inability to be with his children, whose caretaker allegedly has contracted COVID-19 twice.[9] Sam also expresses concern for his elderly mother and grandmother due to the possibility they may be exposed to COVID-19.[10] Sam contends that, because he would be the primary caregiver for his mother and grandmother, his sentence should be reduced or modified so he may care for them during this time.[11] Additionally, Sam contends he should be released due to BOP's inability to prevent the spread of the disease within the prison system.[12] As of the time of this decision, Yazoo City Low FCI has 2 inmates and 1 staff member who have tested positive for COVID-19.[13] In the past, 2 inmate deaths have been reported; no staff member deaths have been reported;[14] and 102 inmates and 7 staff members have recovered from the virus.[15]

## LAW AND ANALYSIS

**I.    Sam's Request for a Reduction in His Sentence Is Denied.**

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[16] As relevant in this case, 18 U.S.C.

---

[6] R. Doc. 55.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *COVID-19*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/.
[14] *Id.*
[15] *Id.*
[16] 18 U.S.C. § 3582(c).

§ 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[17]

### A. Sam has exhausted administrative remedies.

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirements of § 3582(c)(1)(A) are met.[18] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[19] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant. In this case, Sam represents he filed a request for compassionate release with the Warden of Yazoo City Low FCI on April 10, 2020, over thirty days before he filed his motion for compassionate release.[20] The Government does not dispute the exhaustion requirements of § 3582(c)(1)(A) are satisfied. Accordingly, the Court assumes Sam has properly exhausted his administrative remedies, and the Court will proceed to evaluating Sam's request for compassionate release on the merits.

### B. Sam has not presented any "extraordinary and compelling reasons" warranting a reduction of his sentence.

According to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued

---

[17] *Id.* § 3582(c)(1)(A).
[18] *See id.*
[19] *Id.*
[20] R. Doc. 55.

3

by the Sentencing Commission."[21] The United States Sentencing Commission's relevant policy statement, found in § 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,
>>>>
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>>
>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>>
>> (C) Family Circumstances.—

---

[21] 18 U.S.C. § 3582(c)(1)(A)(i).

4

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[22]

Sam bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[23] In this case, Sam is not over 65 years old,[24] so only subsections (A), (C), and (D) of the policy statement are relevant.

### 1. Sam has not presented any "extraordinary and compelling" medical conditions warranting a reduction of his sentence.

The Court first considers Sam's argument that he is entitled to a reduction in his sentence because he has PTSD.[25] Subsection (A) of the policy statement defines two categories of "medical conditions" as "extraordinary and compelling." Under subsection (A)(i), the defendant must "suffer[] from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)."[26] "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."[27]

---

[22] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[23] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").
[24] R. Doc. 45, at 4.
[25] R. Doc. 55.
[26] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)(i) (U.S. SENTENCING COMM'N 2018).
[27] *Id*.

Sam's PTSD, though understandably difficult, is not on par with the examples of "serious and advanced illness[es]" listed in the policy statement.

Under subsection (A)(ii), the defendant must be suffering from a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[28] Sam does not allege, nor is there any evidence in the record indicating, that he cannot provide himself with care or that he is expected not to recover from his condition. Accordingly, Sam has not met his burden of presenting any "extraordinary and compelling" medical conditions warranting a reduction of his sentence.

### 2. Sam has not presented any "extraordinary and compelling" family circumstances warranting a reduction of his sentence.

The Court next considers Sam's argument that he is entitled to a reduction in sentence so he may care for his children, his mother, and his grandmother.[29] With respect to family members, subsection (B) of the policy statement provides "extraordinary and compelling" circumstances warranting a reduction in sentence may be found due to: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[30] Sam relies on condition (i) to argue compassionate release is warranted so he may care for his children and relies on condition (ii) to argue compassionate release is warranted so he may care for his mother and grandmother.

---

[28] *Id.* § 1B1.13, cmt. n.1(A)(ii).
[29] R. Doc. 55.
[30] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(C)(i)–(ii) (U.S. SENTENCING COMM'N 2018).

6

Sam does not qualify for compassionate release so he may care for his minor children. Sam represents the mother of his children has contracted COVID-19 twice,[31] and based on Sam's PSR, the Court notes that two of those children are minors.[32] Sam does not, however, offer any evidence COVID-19 has left the mother of his children currently unable to care for the children.

Sam also has not shown he is entitled to compassionate release so that he may care for his mother and grandmother. Although subsection (B)(ii) of the policy statement references a defendant's "spouse" and not a defendant's "parent," other courts have held the category may also apply to a defendant's parents, "[w]hen a defendant is the 'only available caregiver' for an incapacitated parent," which is "a more unique occurrence given that inmates may have siblings or other family members able to care for their parents."[33] Even assuming (but not deciding) this part of the policy statement may be read to include "parents" and "grandparents," Sam has not established "extraordinary and compelling" circumstances warranting a reduction in his sentence so that he may care for his mother and grandmother. Sam has produced no evidence that either his mother or his grandmother currently is incapacitated. Instead, he only fears they may become incapacitated in the future. Further, Sam provides no proof he is their only potential caregiver. Rather, the PSR indicates Sam has multiple other family members who are potential caregivers.[34] As a result, Sam has not carried his burden of showing his family circumstances warrant compassionate release.

---

[31] R. Doc. 55.
[32] R. Doc. 45, at 14.
[33] *Bucci*, 2019 WL 5075964 at *2 (citing *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2, 2019 LEXIS 118304, at *4–5 (S.D. Ohio July 16, 2019)).
[34] R. Doc. 45, at 13–14.

> 3. **Sam has not presented any other "extraordinary and compelling" reasons warranting a reduction of his sentence.**

Because Sam's health conditions and family circumstances do not constitute extraordinary and compelling reasons for a sentence reduction under subsections (A) or (C) of the policy statement, Sam may obtain compassionate release only if the "catchall" provision, stated in subsection (D) of the policy statement, is applicable. The "catchall" provision covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances.[35]

The Court notes the policy statement, last amended on November 1, 2018, has not been updated since the passage of the First Step Act on December 21, 2018. The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The policy statement provides, "A reduction under this policy statement may be granted *only upon motion by the Director of the Bureau of Prisons*."[36] As a result of this clear conflict, there is some dispute as to which portions, if any, of the policy statement should continue to apply to § 3582 after the passage of the First Step Act.[37]

For example, disagreements exist over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in subsection (D). Although the First Step Act amended § 3582(c) to allow a defendant, and not just the BOP, to bring a motion in court arguing extraordinary and compelling reasons

---

[35] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(D) (U.S. SENTENCING COMM'N 2018).
[36] *Id.* § 1B1.13 cmt. n.4.
[37] *See, e.g.*, *United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

warrant a reduction in a defendant's sentence, subsection (D) of the policy statement only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]" under that subsection.[38] Some courts have questioned why a defendant can bring a motion for compassionate release *in court* if the court cannot decide what amounts to extraordinary and compelling reasons for such release. Those courts have held that, pursuant to the policy goals of the First Step Act, not only the BOP but also courts may now determine what constitutes such "other" extraordinary and compelling reasons. As one court put it, "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may be 'extraordinary and compelling.'"[39] Other courts, however, have not broken from the text of subsection (D) as currently written and have held the BOP alone may determine what qualifies as "other" extraordinary and compelling circumstances.[40]

The Court need not weigh in on this conflict in order to resolve the instant motion for compassionate release. For the reasons discussed below, even if both the Court and the BOP may determine what additional circumstances constitute "extraordinary and compelling" circumstances under the catchall provision, Sam is not entitled to compassionate release.

Multiple courts—deciding they have discretion to define extraordinary and compelling circumstances outside of the policy statement—have found "extraordinary

---

[38] *See, e.g.*, *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").
[39] *Brown*, 2019 WL 4942051, at *3.
[40] *United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *3 (E.D. La. June 12, 2020) ("The Guidelines also identify a category of '[o]ther [r]easons,' but state that such reasons are '[a]s determined by the Director of the Bureau of Prisons.'").

9

and compelling" reasons warranting a reduction in a petitioner's sentence if a petitioner has an underlying medical condition rendering him particularly susceptible to contracting COVID-19.[41] In this case, Sam argues extraordinary and compelling reasons are present for compassionate release because his PTSD renders him susceptible to COVID-19.

It is clear "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."[42] The Centers for Disease Control and Prevention ("CDC") has set forth a list of underlying medical conditions causing an individual to be particularly susceptible to contracting COVID-19.[43] These underlying medical conditions include moderate-to-severe asthma, chronic kidney disease being treated with dialysis, chronic lung disease, diabetes, hemoglobin disorders, liver disease, and conditions and treatments causing an individual to be immunocompromised, such as cancer treatment, bone marrow or organ transplantation, immune deficiencies, HIV with a low CD4 cell count, HIV without HIV treatment, and prolonged use of corticosteroids and other immune weakening medications.[44]

---

[41] *See, e.g.*, *United States v. Rodriguez*, Criminal Action No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (granting compassionate release to defendant who was "especially vulnerable" to COVID-19 due to his diagnoses of "[t]ype 2 diabetes mellitus with diabetic neuropathy, essential hypertension, obesity, and 'abnormal liver enzymes in a pattern most consistent with non-alcoholic fatty liver disease'"); *United States v. Jepsen*, Civ. Action 19-73, 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020) (granting compassionate release to defendant who "is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19"); *United States v. Muniz*, Criminal Action 09-199, 2020 WL 1540325, at *2 (S.D. Tex. March 30, 20120) (finding extraordinary and compelling circumstances because "[d]efendant has been diagnosed with serious medical conditions that, according to reports from the Center[s] for Disease Control, make him particularly vulnerable to severe illness from COVID-19 . . . includ[ing] inter alia, end stage renal disease, diabetes, and arterial hypertension").
[42] *United States v. Wright*, Criminal Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020).
[43] *See Groups at Higher Risk for Severe Illness*, CTR. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.
[44] *Id.*

Sam does not allege, nor is there any evidence to show, he suffers from any of the CDC's aforementioned underlying medical conditions. Sam also has not provided any other support for an argument that he is particularly susceptible to COVID-19. As a result, Sam has alleged nothing more than "[g]eneral concerns about possible exposure to COVID-19."[45] Even if the Court has the authority to determine what is "extraordinary and compelling" under subsection (D), this Court does not find Sam's general concerns warrant compassionate release. Because Sam has failed to present any "extraordinary and compelling" reasons warranting a reduction in his sentence, he is not entitled to relief under § 3582.[46]

### C. Sam has not demonstrated he is not a danger to the safety of the community, and Section 3553(a) factors weigh against reducing his sentence.

Even if Sam had demonstrated "extraordinary and compelling" circumstances warranted a reduction in his sentence, he would nevertheless not be entitled to relief under § 3582. Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"

---

[45] *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020).
[46] The Court notes that, if a court finds a petitioner has satisfied the requirements for compassionate release, including the mandatory exhaustion requirements of § 3582(c)(1)(A), and grants a sentence reduction, the court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).  In imposing a term of supervised release, the court may impose a period of home confinement as a condition, provided the court finds home confinement is a "substitute for imprisonment." U.S.S.G. § 5F1.2; *see* 18 U.S.C. § 3583(d). As a "substitute for imprisonment," this supervised release term substitutes only for the term of imprisonment, to be followed by the original term of supervised release imposed at sentencing. Alternatively, upon finding a petitioner has satisfied the compassionate release statute, including the mandatory exhaustion requirements of § 3582(c)(1)(A), the court may consider reducing the petitioner's term of imprisonment to time-served and modifying the existing term of supervised release to add a period of home confinement. *See* U.S.S.G. § 5F1.2; 18 U.S.C. § 3583(e)(2). To the extent Sam seeks home confinement under § 3582(c)(1)(A), this request is denied for the same reasons his request for a reduction in her sentence under § 3582(c)(1)(A) is denied.

and that the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[47]

The Court discusses the relevant factors under § 3142(g) and § 3553(a) simultaneously due to the similarity of the factors. Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[48] Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][49]

Having considered all of the relevant factors under § 3142(g) and § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors

---

[47] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[48] 18 U.S.C. § 3142(g).
[49] 18 U.S.C. § 3553(a).

weigh against reducing Sam's sentence. The nature and circumstances of the offense and the history and characteristics of the defendant weigh heavily in the Court's decision. At the time of his arrest, Sam was selling various types of illicit narcotics from his residence and illegally possessed a firearm as a convicted felon.[50] Moreover, at the time of his arrest, Sam was facing a narcotics trafficking charge stemming from an investigation in Beaumont, Texas.[51] Sam also had open charges for criminal conduct arising out of a matter in Jefferson Parish, Louisiana.[52] Given this criminal history and the nature of Sam's offense, the Court finds Sam poses a danger to the safety of the community. Lastly, the Court also finds that, because Sam has served only 42% percent of his 105-month prison sentence, a reduction of his sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct. Accordingly, the § 3553(a) factors weigh against reducing Sam's sentence.

## CONCLUSION

**IT IS ORDERED** that Kevin Sam's motion for compassionate release is **DENIED**.[53]

New Orleans, Louisiana, this 22nd day of June, 2020.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[50] R. Doc. 41, at 2–3.
[51] R. Doc. 45, at 11–12.
[52] *Id.* at 10–11.
[53] R. Doc. 55.